```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 08-22136-Civ-LENARD
                              MAGISTRATE JUDGE P.A. WHITE

VERNON LEON CLARK,            :

     Petitioner,              :
v.
                              :    REPORT RE DISMISSAL
WALTER A. McNEIL,                     §2254 PETITION
                              :     AS TIME BARRED
     Respondent.
_____     :
```

Vernon Leon Clark, a state prisoner confined at Dade Correctional Institution at Florida City, Florida, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, attacking the constitutionality of his convictions and sentences entered in Case No. 86-37829 in the Circuit Court of the Eleventh Judicial Circuit of Florida at Miami-Dade County.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

For its consideration of the petition with attached documentary exhibits, the Court has the petitioner's response to an order regarding the limitations period, the respondent's response to an order to show cause with multiple exhibits, and the petitioner's reply.

The procedural history of this case is as follows. Clark was convicted after jury trial of the offenses of first-degree murder, attempted armed robbery, and aggravated battery with a deadly weapon. (DE# 13; App. A, B, C). He was sentenced to life

imprisonment with a twenty-five-year mandatory minimum term as to the murder conviction, a thirty-year term as to the attempted robbery conviction, and a five-year term as to the aggravated battery conviction. (DE# 13; App. L). Clark's convictions and sentences were affirmed on direct appeal in a written opinion issued on November 21, 1989. (DE# 13; App. B). See also Clark v. State, 553 So. 2d 240, 241 (Fla. 3d DCA 1989).

After waiting for approximately five years, Clark returned to the trial court, filing on or about October 5, 1994, a pro se motion, requesting the court to provide him free of charge copies of his trial transcript. (DE# 13; App. D, N). Clark alleged that he needed his trial transcript so that he could file a motion for postconviction relief, challenging the instant convictions and sentences. (DE# 13; App. D). After hearing argument on the motion, the trial court entered a written order on November 23, 1994, denying Clark's motion without prejudice until such time as there was a proceeding before the court. Id. Clark filed a pro se notice of appeal from the trial court's ruling and Clark was appointed counsel, apparently for the sole purpose of apprising the appellate court of the status of Clark's request. Id. On or about April 24, 1995, the Public Defender filed a written Status Report, advising the appellate court in pertinent part as follows:

> After receipt of this Court's request for a status report, the undersigned contacted [former appellate counsel] Mr. Lipinski who advised that because his copy of the direct appeal's record was destroyed by Hurricane Andrew, he has requested the attorney general's copy of the record on appeal in order that he may duplicate it and mail a copy of the entire record to [Clark]. The attorney general's office has indicated that it anticipates forwarding its copy of the record on appeal to Mr. Lipinski within the next two weeks.

(Status Report)(DE# 13; App. D). Upon the court's own motion, the appeal was subsequently dismissed as taken from an unappealable

order and as moot in a decision without written opinion issued on May 1, 1995. (DE# 13; App. D). See also Clark v. State, 654 So. 2d 928 (Fla. 3d DCA 1995)(table).

More than twelve years later, on October 3, 2007, Clark filed in the trial court a pro se petition for writ of habeas corpus, challenging his convictions and sentences as unlawful on grounds raised in this federal petition. (DE# 13; App. E). He also filed in the trial court on November 13, 2007, a pro se motion to correct illegal sentence pursuant to Fla.R.Crim.P. 3.800(a), again challenging his confinement as unlawful on the same or similar grounds raised in the state habeas petition. (DE# 13; App. F). Clark essentially alleged in the two pleadings that his convictions should be vacated, because the trial court judge lacked jurisdiction in that the judge did not take the required oath of office; the trial court judge was acting as a substitute for another judge, the indictment was defective, and the jury instructions were unclear, inaccurate, and misleading. (DE# 13; App. E, F).

By single written order entered on November 20, 2007, the trial court summarily denied Clark relief, finding the claims procedurally barred from postconviction review in that they had not been raised on direct appeal. (DE# 13; App. G). Clark took an appeal from the denial of postconviction relief, and briefs were filed by Clark and the state. (DE# 13; App. H, I). The Florida Third District Court of Appeal per curiam affirmed the trial court's ruling in a decision without written opinion. (DE# 13; App. J). See also Clark v. State, 984 So.2d 1259 (Fla. 3 DCA 2008)(table). After Clark's motion for rehearing, clarification and certification and motion for rehearing *en banc* were denied, the mandate issued on July 3, 2008. (DE# 13; App. J).

3

Not long after all state court proceedings had concluded, Clark came to this Court, filing on July 24, 2008, the instant pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254.[1] In response to the order to show cause, the respondent asserts *inter alia* that this petition should be dismissed as untimely filed. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed for the first time a one-year statute of limitations on petitions for writ of habeas corpus filed by state prisoners. See Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996). In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. §2244(d)(1)(A).[2] Prisoners who are attacking a conviction or sentence that became final prior to the enactment of the AEDPA must be accorded a reasonable time after the AEDPA's effective date within which to file petitions for habeas relief

---

[1]The Eleventh Circuit recognizes the "mailbox" rule in connection with the filing of a prisoner's petition for writ of habeas corpus. Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999)(prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing). (Petition at 16)(DE# 1).

[2]The statute provides that the limitations period shall run from the latest of —

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action;
   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1).

4

pursuant to section 2254.[3] Cf. Wilcox v. Florida Dep't of Corrections, 158 F.3d 1209 (11 Cir. 1998); Goodman v. United States, 151 F.3d 1335 (11 Cir. 1998). In this context one year has been held to be a reasonable time, and therefore petitioners attacking convictions or sentences that became final before the AEDPA's effective date will be accorded the one-year post-AEDPA period, commencing on the Act's effective date, within which to file for section 2254 relief. Id.

The one-year reasonableness period following the effective date of the AEDPA is subject to the AEDPA's express tolling provision for time spent pursuing state post-conviction relief or other collateral review.[4] 28 U.S.C. §2244(d)(2). See Artuz v. Bennett, 531 U.S. 4 (2000). See also Fields v. Johnson, 159 F.3d 914 (5 Cir. 1998). Moreover, the limitations period is also subject to equitable tolling in "rare and exceptional cases." See Lawrence v. Florida, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007); Helton v. Secretary for Dept. of Corrections, 259 F.3d 1310, 1312 (11 Cir. 2001)(stating that "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."), cert. denied, 535 U.S. 1080 (2002).

---

[3]Although the Act did not contain an effective date provision for the foregoing amendment, it is presumed to have become effective on April 24, 1996, the date the law was enacted. Gozlon-Peretz v. United States, 498 U.S. 395, 404 (1991)(citations omitted)(absent a clear direction by the Congress to the contrary, a law takes effect on the date of its enactment). See also Hatch v. Oklahoma, 92 F.3d 1012, 1014 n. 2, citing Bradshaw v. Story, 86 F.3d 164, 166 (10 Cir. 1996).

[4]A properly-filed application is defined as one whose "delivery and acceptance are in compliance with the applicable laws and rules governing filings," which generally govern such matters as the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. Artuz v. Bennett, 531 U.S. 4 (2000)(overruling Weekley v. Moore, 204 F.3d 1083 (11 Cir. 2000)).

Clark's convictions and sentences became final on February 19, 1990, ninety days after the Florida Third District Court of Appeal affirmed his convictions and sentences on direct appeal. See Chavers v. Secretary, Florida Dept. of Corrections, 468 F.3d 1273, 1275 (11 Cir. 2006), citing, Bond v. Moore, 309 F.3d 770 (11 Cir. 2002). Because the convictions and sentences at issue were entered before the effective date of the Act, Clark had until the close of April 24, 1997, to file a timely §2254 petition challenging their constitutionality. This federal petition for writ of habeas corpus was, however, not filed until July 24, 2008, far-beyond the expiration of the applicable one-year limitations period. Accordingly, the petition is time-barred pursuant to 28 U.S.C. §2244(d)(1)(A) unless the appropriate limitations period was extended by properly filed applications for state post-conviction or other collateral review proceedings. 28 U.S.C. §2244(d)(2).

As indicated above by the review of the state trial and appellate court proceedings, Clark pursued postconviction challenges to his convictions and sentences. However, Clark is not entitled to tolling time credit while the postconviction proceedings remained pending, because they were instituted after the expiration of the applicable limitations period. See Tinker v. Moore, 255 F.3d 1331, 1332 (11 Cir. 2001)(holding that a state petition filed after expiration of the federal limitations period cannot toll the period, because there is no period remaining to be tolled); Webster v. Moore, 199 F.3d 1256, 1258-60 (11 Cir.)(holding that even properly filed state court petitions must be pending in order to toll the limitations period), cert. denied, 531 U.S. 991 (2000). The instant petition was, therefore, due in this Court on or before April 24, 1997.

6

Unless Petitioner establishes that he is entitled to proceed under one of §2244(d)'s statutory tolling provisions, see §2244(d)(1)(B)-(D), or is entitled to equitable tolling of the limitations period, the petition is time-barred. An order was entered requiring the petitioner to state whether one or more of the statutory factors justify consideration of this petition for writ of habeas corpus. (DE# 4). The petitioner was notified that failure to demonstrate the existence of at least one of the four factors would probably result in dismissal of the petition. Id. Clark has filed a response to this Court's order and a reply to the respondent's response. (DE# 7, 21).

It appears that Clark is essentially asserting that he is entitled to equitable tolling of the limitations period because the failure to review his challenges on the merits will result in a fundamental miscarriage of justice in that he is actually innocent of the crimes for which he was convicted and he was only seventeen years of age at the time of the commission of the offenses and entry of his convictions. As a threshold matter, the Eleventh Circuit has never held that Section 2244(d)'s limitations period carries an exception for actual innocence, and it has declined to reach the issue whether the absence of such an exception would violate the Constitution. See Wyzykowski v. Department of Corr., 226 F.3d 1213, 1218-19 (11 Cir. 2000)(leaving open the question whether the §2244 limitation period to the filing of a first federal habeas petition constituted an unconstitutional suspension of the writ). Were "actual innocence" an exception to the application of the one-year limitations provisions of §2244, the Court would still be precluded from reviewing the claims presented in the instant petition on the merits.

A petitioner in a collateral proceeding who wishes to

establish his actual innocence to avoid a procedural bar to consideration of the merits of his underlying claim must demonstrate that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Schlup v. Delo, 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). "To establish actual innocence, [a habeas petitioner] must demonstrate that ... 'it is more likely than not that no reasonable [trier of fact] would have convicted him.' Schlup v. Delo, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)." Bousley v. United States, 523 U.S. 614, 623 (1998). "[T]he *Schlup* standard is demanding and permits review only in the "'extraordinary' case." House v. Bell, 547 U.S. 518, 538 (2006). Thus, "[i]n the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of [untimely] claims." Id. at 537. In this context, "actual innocence" means factual innocence, not mere legal insufficiency. See Sawyer v. Whitley, 505 U.S. 333, 339 (1992). See also Bousley, 523 U.S. at 623-624; Doe v. Menefee, 391 F.3d 147, 162 (2 Cir. 2004)("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence."). *Schlup* observes that "a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.... To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." Schlup, 513 U.S. at 324.

Here, Clark fails to state a colorable claim of factual innocence. It is first pointed out that Clark has presented only his self-serving, conclusory allegation that he is actually

innocent of all crimes for which he was convicted and presents nothing in support of this assertion.[5] The facts of this case and evidence admitted at trial were thoroughly summarized by the Florida appellate court in its written opinion on direct appeal as follows:

> While a customer was in a liquor store cashing his paycheck, defendant Clark and a man named Brown, who is not involved in this appeal, entered the store. While undertaking to commit a robbery, Clark pulled out a gun and shot the store clerk. The customer attempted to knock the gun from Clark's hand and then ran out the door. At that point, Clark jumped up on the store counter and fired another shot into the clerk's head, killing him. Meanwhile, Brown grabbed the elderly co-owner of the store and pulled her towards him. When the woman tried to go to the aid of the clerk, her son-in-law, she was hit violently in the head by Clark. Up until the shots were fired, defendant Smith, the driver of the getaway car, waited outside.
>
> Immediately after the shooting, a man on the street at the time saw two men, whom he later identified as Clark and Brown, run out of the store; the witness identified Clark as the man carrying a gun. Clark and Brown proceeded to run down the street in different directions. A policeman on the street at the time noticed a man running north about fifteen yards from the liquor store. He noticed that the runner was wearing a warm coat and perspiring heavily. The officer also noticed the butt of a gun sticking out of the man's pocket. After a chase, the officer apprehended the man and another officer arrived to assist in the arrest. Upon arresting the man, subsequently identified as Clark, the officers discovered he was carrying two firearms: one was later identified as the murder weapon; the other was identified as that of the store clerk. After photographic lineups, the store co-owner and the customer also identified Clark as the gunman. During his statement to police upon arrest, Clark demonstrated the shooting for the police and even posed for pictures showing his body position when he fired the fatal shots.
>
> Defendant Smith was subsequently apprehended when a police officer saw a Cadillac matching the description of the vehicle involved in the crime. The officer went to the apartment in front of which the car was parked and met defendant Smith. Smith agreed to go to the police station where he was advised of his rights and where he later gave a statement admitting

---

[5]Absent supporting evidence in the record, a court cannot consider a habeas petitioner's mere assertions on a critical issue in his pro se petition to be of probative value.  Ross v. Estelle, 694 F.2d 1008, 1011-12 (5 Cir. 1983).

>      that he drove Clark's car to the liquor store that day with
>      the intent to participate in a robbery. He said he drove away
>      when he heard the shots and saw people running out of the
>      store.

Clark v. State, 553 So.2d 240, 241 (Fla. 3 DCA 1989).

After reviewing Clark's petition and other pleadings filed in this case, it is apparent that Petitioner has not presented any "new reliable evidence" that was not available at trial that exonerates him so as to meet the standard set forth by *Schlup*. Moreover, Clark's arguments to support his actual innocence claim are merely a repetition of the substantive grounds raised in his petition, such as, lack of jurisdiction by the trial court, defective indictment, improper jury instructions, etc. Such claims, at best, involve legal insufficiency or innocence, not the required factual innocence. See Bousley v. United States, 523 U.S. at 622. Clark's claim of actual innocence must, therefore, fail. Schlup v. Delo, 513 U.S. at 327. The fact that Clark was young at the time of the commission of the crimes and prosecution, as he points out, in no alters this determination.

Further, Clark is not entitled to equitable tolling based upon his age at the time of his convictions on any alternate basis. According to the records of the Florida Department of Corrections, Clark was born on August 7, 1968. (DE# 13; App. A). Thus, at the time he committed the offenses, he was not seventeen years of age, as he claims, but eighteen, and he was twenty-one years old when his convictions were affirmed on direct appeal. In any event, petitioner was twenty-eight years of age during the applicable one-year grace period, not a minor. Clark did not seek any state post-conviction relief during the applicable period, waiting until October 2007, to file his pro se state petition for writ of habeas corpus and pro se motion to correct illegal sentence, challenging

his convictions and sentences as unlawful. In other words, Clark did not pursue state postconviction relief until approximately eleven years after the federal statute of limitations had expired, resulting in this federal habeas corpus petition not being instituted until more than twelve years after the grace period had expired.  Clark is, therefore, not entitled to equitable tolling based upon age. See Ambers v. Cockrell, 2002 WL 1544703 (N.D.Tex. June 26, 2002)(recommending that petition be dismissed with prejudice as barred by one-year limitation period because, although petitioner was fifteen years old at the time he was convicted, petitioner did not explain why he waited approximately eight years from the time of his conviction until he filed his federal petition); Minniefield v. Gomez, 2004 WL 722003 (D.Conn. March 29, 2004)(stating that mere fact that a person is sixteen or seventeen years of age is not an extraordinary impediment to filing a timely petition in federal court, therefore, application of equitable tolling not warranted).

Clark has also not demonstrated that he was in some way impeded from timely pursuing state postconviction relief and then federal habeas corpus relief. His apparent allegation that he was precluded from earlier pursuing state postconviction relief because he did not have a copy of his state court trial transcripts is not supported by the record. As indicated above, although Clark's request for his transcript was denied by the trial court in 1994, the request was denied without prejudice to first file a proper postconviction motion. Further, it appears that due to the efforts of newly appointed counsel during his appeal from the trial court's denial of his request for transcripts, he was ultimately provided with a copy of the trial transcript from his former appellate counsel in April 1995. Even with those transcripts, he waited until October 2007, to pursue state postconviction relief.

Moreover, it is well settled that a prisoner is not entitled to a free copy of his transcript and state record to search for possible defects merely because he is indigent.[6] See generally Bonner v. Henderson, 517 F.2d 135, 136 (5 Cir. 1975). Further, there is no requirement that a habeas petitioner enumerate in his petition every fact which supports a ground for relief. Rather, Rule 2(c) of the Rules Governing §2254 Cases provides that a petitioner need only "set forth in summary form the facts supporting each of the grounds" specified in the petition. See Donovan v. Maine, 276 F.3d 87, 93 (1 Cir. 2002)(stating that habeas corpus petition need not be pleaded with particularity, so citation to transcript unnecessary); Ruark v. Gunter, 958 F.2d 318, 319 (10 Cir. 1992)(stating that prisoner not entitled to transcript before filing §2254 petition).

Here, Clark was able to provide sufficient factual support for his claims without possessing a copy of his trial transcript. From review of the claims raised in the state courts and here, Clark knew or should have known the bases on which he could have asserted his claims without the transcript. Clark has, therefore, not demonstrated that any state-created impediment has completely obstructed him from pursuing state postconviction and then federal habeas corpus relief. He also would not be entitled to equitable tolling on this basis. Specifically, the courts have held that the unavailability of state court transcripts does not warrant equitable tolling of the one-year limitations period to excuse an otherwise untimely petition. See generally Lloyd v. Van Natta, 296 F.3d 630, 633-34 (7 Cir. 2002)(holding that petitioner was able to

---

[6]In Florida, it is well established that an indigent criminal defendant is not entitled to obtain a free copy of state court records or transcripts to assist in preparation of a postconviction motion or petition for extraordinary relief.  See Roesch v. State, 633 So.2d 1 (Fla. 1993).  See also Donahue v. Vaughn, 721 So.2d 356, 357 (5 DCA 1998); Brown v. Vocelle, 630 So.2d 1257 (Fla. 4 DCA 1994); Ridge v. Adams, 643 So.2d 116 (Fla. 5 DCA 1994).

file habeas corpus petition without transcript where petitioner alleged that he was entitled to habeas relief based in part upon prosecutor's improper comments during closing argument, where petitioner was present at his trial and knew the basis on which he could have asserted prosecutorial misconduct) and cases cited therein, cert. denied, 537 U.S. 1121 (2003).

In any event, for equitable tolling to apply, a petitioner has the burden of proving: "(1) that he ha[d] been pursuing his rights diligently, *and* (2) that some extraordinary circumstance stood in his way and prevented timely filing." (emphasis added) Lawrence v. Florida, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007)(quotation marks and citation omitted). The Eleventh Circuit has continued to emphasize that "[e]quitable tolling is an extraordinary remedy that must be applied sparingly" for "[a] truly extreme case." Holland v. Florida, 539 F.3d 1334, 1338 (11 Cir. 2008). Review of the record in this case indicates that Clark has not diligently pursued his rights since his convictions became final in 1990, or before the expiration of the applicable federal limitations period. Clark has not pursued the process with diligence and alacrity and has, therefore, not sustained his burden of proving that the factual predicates of this case warrant equitable tolling. One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence. See Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984). See also Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990)(principles of equitable tolling do not extend to what is best a garden variety claim of excusable neglect). "[E]quity is not intended for those who sleep on their rights." See Fisher v. Johnson, 174 F.3d 710 (5 Cir. 1999), citing, Convey v. Arkansas River Co., 865 F.2d 660, 662 (5 Cir. 1989).

If Clark is also arguing that he could not timely file his habeas petition with this Court, because he first needed to exhaust his state court remedies prior to filing the instant petition, such an assertion would be unavailing. Because the tolling provisions of §2244(d)(2) already accommodate the exhaustion requirement that petitioner faced, he would not be entitled to equitable tolling on this basis. See Smith v. McGinnis, 208 F.3d 13, 17-18 (2 Cir. 2000), cert. denied, 531 U.S. 840 (2000). See also Franklin v. Bagley, 27 Fed. Appx. 541, 542-543 (6 Cir. 2001)(holding that limitations period not equitably tolled due to the fact that petitioner was attempting to exhaust all of his state court remedies prior to filing his federal habeas petition, absent a showing of due diligence).

Finally, Clark's status as an unskilled layperson does not excuse the delay. See Johnson v. United States, 544 U.S. 295, 311, 125 S.Ct. 1571, 1582 (2005)(stating that "the Court has never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness."). See also Rivers v. United States, 416 F.3d at 1323 (holding that while movant's lack of education may have delayed his efforts to vacate his state conviction, his procedural ignorance is not an excuse for prolonged inattention when promptness is required).

In conclusion, Clark has presented no valid justification supported by the record for his failure to timely file his federal habeas corpus petition attacking the instant convictions and sentences. The time-bar is ultimately the result of Clark's failure to timely prosecute state postconviction proceedings and then this federal habeas corpus petition. Since this habeas corpus proceeding instituted on July 24, 2008, is untimely, the claims raised in the

14

petition are time-barred pursuant to 28 U.S.C. §2244(d)(1)-(2) and Clark is not entitled to review on the merits of his claims.[7]

It is therefore recommended that this petition for writ of habeas corpus be dismissed as untimely filed pursuant to 28 U.S.C. §2244(d)(1)-(2).

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

SIGNED this 26th day of May, 2009.

_____
UNITED STATES MAGISTRATE JUDGE


cc:   Vernon Leon Clark, Pro Se
      DC# 183171
      Dade Correctional Institution
      19000 S.W. 377th Street
      Florida City, FL 33034-6499

      Natalia Costea, AAG
      Department of Legal Affairs
      444 Brickell Avenue
      Suite 650
      Miami, FL 33131

---

[7] Even if this petition were to be deemed timely, Clark is apparently not entitled to relief in this federal habeas corpus proceeding in that his claims are procedurally barred and/or meritless for the reasons expressed by the respondent in his response. 28 U.S.C. §2254(d); Williams v. Taylor, 529 U.S. 362 (1999).